UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DISEIYE IYEBOTE, M.D.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:20-cv-00475 |
| | ) |
| **MEHARRY MEDICAL COLLEGE,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

On March 14, 2025, the Court held an evidentiary hearing on Plaintiff Dr. Diseiye Iyebote's ("Iyebote") Motion to Enforce the Settlement Agreement between her and Defendant Meharry Medical College ("Meharry"). After receiving testimony from Dr. Iyebote and Dr. Jason Cheng, Meharry's residency training director, the Court concluded that Dr. Iyebote failed to prove by a preponderance of the evidence that Meharry breached the Settlement Agreement. (Doc. No. 134 at 132:23–24:2, March 14, 2025, Evidentiary Hearing Transcript).

The Court denied Dr. Iyebote's motion because Meharry complied with certain provisions of the Settlement Agreement. The Court found that Dr. Iyebote was reinstated for PGY-3 in Colorado, as the Settlement Agreement required. (Id. at 136:7–19). The Court also found that she was not entitled to the designation of PGY-4, which was also in the Settlement Agreement, because she only had 33 residency rotation hours rather than the 36 residency rotation hours necessary to qualify for PGY-4. (Id. at 137:9–138:15). The Court reached that conclusion because the evidence established that she earned 11 rotation hours her first year of residency (id. at 71:19–22; 99:14–18), 10 rotation hours her second year of residency (id. at 88:9–13; 99:14–18) and 12 rotation hours her third year of residency in Colorado (id. at 11:16–12:1), for a total of 33

hours, which is 3 hours short to qualify to be a fourth-year resident. (Id. at 12:9–10). Indeed, Dr. Iyebote said under oath that she "was aware that [she] was short three rotations." (Id. at 71:15–18).

Since the March 14, 2025, evidentiary hearing, Meharry has paid Dr. Iyebote the monetary compensation required under the Settlement Agreement. (Doc. Nos. 130 and 132). Nevertheless, Dr. Iyebote has filed a motion for reconsideration. (Doc. No. 133). She alleges that Meharry has failed to comply with the Court's Order and that she has new evidence that was unavailable at the March 14, 2025, hearing. (Doc. No. 133 at 1). For the following reasons, her motion is **DENIED.**

"[T]he Federal Rules of Civil Procedure do not provide for a 'motion for reconsideration.'" In re Greektown Holdings, LLC, 728 F.3d 567, 573 (6th Cir. 2013). Such motions are construed by many courts as motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), if filed 28 days after the entry of the judgment. Id. A court may alter or amend its judgment under Rule 59(e) because of an intervening change in the controlling law, newly discovered evidence, or to correct a clear error of law or to prevent a manifest injustice. Cont'l Cas. Co. v. Indian Head Indus., Inc., 941 F.3d 828, 833 (6th Cir. 2019). Iyebote filed her motion within 28 days of the Court's Order denying her motion to enforce the settlement agreement, so the Court will construe Iyebote's motion as a motion under Rule 59(e). In re Greektown, 728 F.3d at 574.

First, Iyebote relies on a document dated July 26, 2022, titled "Resident Completed Evaluation Report" that appears to be an evaluation that occurred during Dr. Iyebote's Second Resident Year. (Doc. No. 133 at 9). She argues that the document shows that Meharry reinstated

2

her as PGY-2 and not PGY-3 in 2022 as required under the Settlement Agreement. However, the document Dr. Iyebote relies upon does not support her motion for reconsideration. Dr. Iyebote conceded at the evidentiary hearing that she was reinstated as a PGY-3 for her residency in Colorado. (Doc. No. 134 at 9:3–22). In addition, the document she offers indicates that the evaluation occurred during November 1, 2018, through November 30, 2018, which is during Dr. Iyebote's second year of residency. As such, the document has nothing to do with whether she was reinstated as a PGY-3 in 2022, almost four years later.

Second, Dr. Iyebote argues that Meharry has failed to comply with the Court's Order because Meharry seeks to remove Item Number 3 from the Settlement Agreement. (Doc. No. 133 at 2). She argues that "Item Number 3 is of paramount importance to [her] and her career. [She] never would have agreed to settle her claims against [Meharry] without Item Number 3." (Id.). Item Number 3 provides in full as follows:

> 3. Plaintiff will be reinstated for her PGY3 year in Colorado. During Plaintiff's PGY3 year, Defendant will cooperate with her in her efforts to transfer to another program for her PGY4 year. Counsel for Plaintiff and Counsel for Defendant will work together in good faith to draft a mutually agreed upon letter of reference that will be attached to the final settlement agreement. Plaintiff will be listed as PGY4 at the end of her PGY3 year. Defendant will complete any form requested by a potential transferring institution in compliance with any attendance records of the Plaintiff.

(Doc. No. 96-1)

From the evidentiary hearing on March 14, 2025, there is credible evidence contrary to Dr. Iyebote's position. Specifically, the following supports Meharry's compliance with the Settlement Agreement:

> 1) Meharry reinstated Dr. Iyebote for her PGY-3 year in Colorado. (Doc. No. 134 at 9:3–11). Indeed, she admits that she completed 12 rotation hours in Colorado.

3

(Id. at 10:8–24; 11:16–12:1). She did not complete the PGY3 year because she was three hours short. (Id. at 12:9–11 ("I didn't have 36. I only had 33. So I cannot be designated as a PGY-4 for transfer.")). What is more, the evidence supports that Dr. Iyebote actually knew that was short of three rotations at the mediation in May 2022 (id. at 71:15–18; 74:10–12), and before she arrived in Colorado to participate in the residency program. (Id. at 74:10–12).

2) There was also evidence presented that Meharry cooperated with Plaintiff's effort to transfer to another program. (Id. at 98:17–99:13; 101:15–103:5; 106:2–107:23; 113:10–114:2; 117:20–118:3). Dr. Iyebote testified that she began the transfer process in January 2023, (id. at 127:5–20), and Dr. Cheng discussed the transfer process with her via email in March 2023. (Id. at 98:17–99:19; 101:15–102:18; 113:10–114:2).

3) Likewise, there is evidence that the parties worked to draft an agreed letter of reference. Dr. Cheng testified from his personal knowledge that Meharry promptly responded to all institutions that Iyebote sought to obtain a transfer. (Id. at 117:20–118:3). In addition, Meharry has encouraged Dr. Iyebote to apply to program that will allow her to complete her residency so that Meharry can comply and write her a letter of recommendation. (Id. at 126:23-127:3).

Finally, the Court held that regarding the item—"Plaintiff will be listed as PGY4 at the end of her PGY-3 year"—Meharry could not do so. This is because Dr. Iyebote lacks 36 rotation residency hours to qualify as a PGY-4. (Id. at 140:6–13).

Iyebote's motion for reconsideration is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR
UNITED STATES DISTRICT JUDGE